UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Filed 08/28/15)[8]

## I.   INTRODUCTION

On July 15, 2015, plaintiff Aviv Harel ("plaintiff") filed the instant action in Los Angeles County Superior Court against defendants Bank of America, N.A. ("Bank of America"), Select Portfolio Servicing, Inc. ("SPS"), and Does 1 through 20 (collectively, "defendants"). Compl. On August 21, 2015, defendant SPS removed the action to this Court.[1] The complaint asserts claims against defendants for: (1) quiet title; (2) wrongful foreclosure; and (3) declaratory relief. See Compl. In brief, plaintiff alleges that defendants wrongfully initiated foreclosure proceedings upon plaintiff's property after he purportedly rescinded his mortgage. Compl. ¶¶ 33-35.

On August 28, 2015, SPS filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Dkt. 8 at 2. On September 8, 2015, plaintiff filed an opposition to defendant's motion to dismiss, Dkt. 11, and on September 14, 2015, SPS filed a reply, Dkt. 12. On September 23, 2015, the Court took this matter under submission.[2] Dkt. 16. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] On October 14, 2015, the parties filed a stipulation dismissing plaintiff's claims against defendant Bank of America without prejudice. Dkt. 19.

[2] Pursuant to Central District Local Rule 7-15, the Court finds this motion appropriate for decision without oral argument. See also Fed. R. Civ. P. 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

## II. BACKGROUND[3]

The complaint alleges the following facts: On or about September 22, 2005, plaintiff obtained a loan in the amount of $1,040,000.00 (the "Loan") secured by a deed of trust encumbering a property located at 1853 South Beverly Glen Boulevard, Los Angeles, California 90025 (the "Subject Property"). See Compl. Ex. B; Compl. ¶ 4. The deed of trust named Countrywide Home Loans, Inc. ("Countrywide") as the lender. Compl. Ex. B. at 3. The Loan was processed by Bank of America and serviced by SPS. Compl. ¶ 9.

On February 14, 2012, plaintiff initiated bankruptcy proceedings under chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* RJN Ex. 1 at 4. Plaintiff did not disclose any legal claims against SPS in his bankruptcy schedules. See RJN Ex. 2. On December 20, 2012, plaintiff's existing debts were discharged by the bankruptcy court. RJN Ex. 1 at 9. Defendant SPS subsequently recorded a Notice of Default and Election to Sell Under Deed of Trust against the Subject Property on or about July 14, 2014. See RJN Ex. 3.

On March 13, 2015, plaintiff sent SPS a letter of rescission purporting to rescind the Loan pursuant to the provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Compl. ¶ 13; Id. Ex. C. Plaintiff contends that he received a letter from SPS dated

---

[3] SPS requests that the Court take judicial notice of various publicly available documents and records. Dkt. 9, Request for Judicial Notice ("RJN"). Specifically, SPS requests that the court take judicial notice of: (1) bankruptcy court documents from plaintiff's previous bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California, Case No. 2:12-bk-15172-PC; and (2) the Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records of the Los Angeles County Superior Court. Id. Plaintiff has not objected to defendants' request for judicial notice. Furthermore, "under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the documents in defendant SPS's request for judicial notice because they are matters of public record, but does not accept them for the truth of the matters asserted therein. See also Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

April 10, 2015, although he provides no details regarding the contents of this letter in his complaint.  Id. ¶ 14.  Furthermore, plaintiff alleges that SPS failed to respond to his letter of rescission by failing to file, within 20 days of receipt of his letter, a complaint for declaratory relief contesting his right to rescind the loan.  Id.  Thus, according to plaintiff, his loan was effectively rescinded as of March 13, 2015.  Id. ¶ 25-26.  Plaintiff claims that "if [SPS] disputed the rescission, [SPS] could have filed a lawsuit along the lines of Quiet Title or Declaratory Relief in order to challenge plaintiff's rescission."  Opp'n., at 2.  However, because SPS failed to "comply with []TILA § 1635(b) or file a lawsuit to determine the parties respective rights and interests within twenty days," the rescission became effective as of the date he sent SPS his letter of rescission.  Id.

Accordingly, plaintiff contends that defendants "engaged in the process of wrongful foreclosure by scheduling a trustee's sale attempting to foreclose on a void deed of trust."  Compl. ¶ 34.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The pleading must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a [pleading] to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a [counterclaim] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the counterclaim (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the counterclaim and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

### A. Judicial Estoppel

SPS argues that plaintiff is judicially estopped from pursuing his claims in this action. Dkt. 8 at 4. Specifically, SPS asserts that plaintiff failed to disclose any of his present claims in his bankruptcy schedules during his bankruptcy proceeding in 2012, and therefore plaintiff should be precluded from pursuing them here. Id. at 4-5.

The doctrine of judicial estoppel "is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) (quoting Rissetto v. Plumbers & Steamfitters Local 343, 94

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

F.3d 597, 600-01 (9th Cir. 1996)).  The Ninth Circuit has "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position."  Hamilton, 270 F.3d at 783 (citing Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London, 139 F.3d 1234, 1239 (9th Cir. 1998)).  In the bankruptcy context, "[t]he courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding."  Edwards v. Alamo Group, 2001 WL 1491135, *1 (9th Cir. 2001) (quoting Hamilton, 270 F.3d at 785).  Furthermore, judicial estoppel has a notice requirement, and will only be applied "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."  Hamilton, 270 F.3d at 785 (citing Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992)).

Here, plaintiff's bankruptcy proceedings concluded on December 20, 2012.  See RJN Ex. 1, at 9.  However, plaintiff's claims in the instant suit are all predicated on his purported rescission of the Loan on March 13, 2015.  See generally Compl.  For example, plaintiff's claims for declaratory relief and quiet title seek a judicial determination that the letter he sent defendants on March 13, 2015 did in fact rescind the Loan.  See Compl. ¶¶ 25-31, 37-39.  And in plaintiff's claim for wrongful foreclosure he contends that defendants' wrongfully continued the foreclosure process *after* he rescinded his loan.  See Compl. ¶¶ 34-35.  Therefore, the factual basis for plaintiff's claims did not arise until, at a minimum, March 13, 2015, more than two years after his bankruptcy proceedings concluded.

SPS argues that plaintiff's letter of rescission was based on an alleged violation of TILA, and that if such a violation occurred, it must have occurred when plaintiff entered into the Loan.  Reply, at 3.  Because plaintiff entered into the Loan in 2005, SPS contends his claims predate the bankruptcy proceeding.  Id.  However, plaintiff's claims clearly seek a legal determination of the effect of his March 13, 2015 letter of rescission.  Accordingly, the Court cannot find that plaintiff "had knowledge of enough facts to know that a potential cause of action exist[ed] during the pendency of the bankruptcy" in 2012.  Hamilton, 270 F.3d at 785 (citing Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

Therefore, the Court concludes that judicial estoppel does not apply to bar plaintiff's claims.[4]

### B. Plaintiff Fails to State a Claim for Quiet Title, Wrongful Foreclosure, and Declaratory Relief

Finally, SPS argues that the complaint fails to adequately allege claims for quiet title, wrongful foreclosure, and declaratory relief. Mot., at 5-8. The Court agrees. As stated above, plaintiff's claims are all predicated on his purported rescission of the Loan. Plaintiff alleges that this rescission was made pursuant to TILA section 1635. Compl ¶ 13. Under section 1635, a borrower has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., — U.S. —, 135 S.Ct. 790, 792 (2015). However, nowhere in the complaint does plaintiff identify how any of the defendants failed to comply with TILA's disclosure requirements. Rather, plaintiff relies entirely on conclusory statements that are unsupported by factual allegations. See, e.g., Compl. ¶ 12 ("Plaintiff alleges that Defendant Bank of America's [c]onduct amounted to material violations of the Truth in Lending Act – TILA § 1635."). Plaintiff's conclusory allegations are insufficient to state a claim for relief pursuant to Rule 12(b)(6). See Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."); Iqbal, 556 U.S. at 679 ("While legal

---

[4] SPS also argues that plaintiff lacks standing to bring his claims in the instant suit. SPS contends that because plaintiff's claims are based on conduct that predates his bankruptcy proceedings, they remain part of the bankrupt estate and may only be enforced by the trustee of the estate. Mot., at 5 (citing Diamond Z Trailer, Inc. v. JZ L.L.C., 371 B.R. 412, 418 (9th Cir. BAP 2007) ("property of the estate that is not scheduled and not otherwise administered before a case is closed is not abandoned to the debtor at the time of closing, but rather remains property of the estate – forever.")). However, as stated above, plaintiff's allegations are based on events that occurred *after* the bankruptcy proceeding, specifically plaintiff's purported rescission of the Loan on March 13, 2015. Compl. ¶¶ 33-35. Thus, the Court concludes that the defendant's standing argument is equally without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Furthermore, even assuming that defendants' did commit a violation of TILA's disclosure requirements, it does not appear that plaintiff's rescission was timely. Pursuant to TILA, a borrower has an unconditional right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). After this three-day period, a borrower then has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski, 135 S.Ct. At 792. The conditional right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f). A borrower's right to rescind is "completely extinguishe[d]" at the end of the three-year period. Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f)'s plain language evidences an unconditional congressional intent to limit the right of rescission to three years.").

In order for plaintiff to have effectively rescinded the Loan, he was required to invoke the conditional right to rescind within the statutory three-year period. Here, plaintiff entered into the Loan on or around September 22, 2005. Compl. Ex. B. Accordingly, it follows that, to the extent plaintiff had a valid grounds for rescinding the loan, he was required to exercise that right by September of 2008. However, plaintiff did not send SPS his letter of rescission until March 13, 2015 — almost 5 years after the expiration of the statutory three-year period. Accordingly, plaintiff could not validly have rescinded his loan in 2015.

Plaintiff argues that the Loan was not "consummated" within the meaning of TILA on September 22, 2005 and therefore his rescission of the loan was timely. "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." Monaco v. Bear Stearns Residential Mortgage Corp., 554 F. Supp. 2d 1034, 1039 (C.D. Cal 2008) (citing 12 C.F.R. § 226.2(a)(13)).

Here, plaintiff became "contractually obligated on a credit transaction" when he entered into the Loan on or around September 22, 2005. See Compl. Ex. B; see also Larson v. California Federal Bank, 1996 WL 47091, *1-3 (9th Cir. 1996) (Holding that "the loan agreement between [plaintiffs] and [defendant-Bank] was consummated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

October 26, 1990," the date plaintiffs signed loan documents including a loan commitment letter, promissory note, and a deed of trust.). Accordingly, as of that date the Loan was "consummated" within the meaning of TILA. This consummation of the Loan is evidenced by plaintiff's deed of trust, which contains his signature and is dated September 22, 2005. See Id. Plaintiff argues that there remains a factual dispute regarding whether the Loan was actually consummated as of September 22, 2005. Opp'n., at 5. First, plaintiff argues that "there is nothing in the four corners of the complaint or judicially noticed materials that demonstrate[s] that the loan was ever consummated." Id. However, not only is plaintiff's deed of trust judicially noticeable as a publicly recorded document, plaintiff has also incorporated the document into his complaint and attached it as exhibit B to the complaint. See Compl. ¶ 10; Id. Ex B; see also Klees v. Liberty Life Assur. Co. of Boston, 2015 WL 3867659, *2 (C.D. Cal. Jun. 23, 2015) ("under the 'incorporation by reference' doctrine, a court may consider documents 'whose contents are alleged in a complaint' or that plaintiff's claim depends on,' as long as the authenticity of the document is not disputed.") (citing Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)).

     Finally, plaintiff appears to argue that the deed of trust does not constitute sufficient evidence that the Loan was in fact consummated on September 22, 2005. In support of this position plaintiff cites Jackson v. Grant, 890 F.2d 118 (9th Cir. 1989). However, Jackson is distinguishable from the present action. In Jackson, the Ninth Circuit found that a loan executed by the plaintiff was not consummated at the time plaintiff signed the deed of trust because the name of the lender was left blank on the deed of trust and the promissory note. Id. 121. Because the lender was unidentifiable, the court held that a valid loan contract did not exist, and "[plaintiff] was not 'contractually obligated' within the meaning of 12 C.F.R. § 226.2(a)(13)." Id. ("The identity of the lender remained unresolved, and any loan contract therefore unconsummated."). In contrast, here, the deed of trust clearly states that the "Lender" is "Countrywide Home Loans, Inc." Compl. Ex. B, pg. 2. Because, the lender is readily identifiable from plaintiff's deed of trust, Jackson is inapplicable to this case. Moreover, there are no allegations in the complaint to suggest that plaintiff's loan was not consummated on September 22, 2005 — the date he signed the deed of trust.

     All of plaintiff's claims are predicated on his purported rescission of the Loan on March 13, 2015. However, based on the allegations in the complaint, it does not appear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | November 12, 2015 |
| Title | AVIV HAREL v. BANK OF AMERICA, N.A., ET AL. | | |

that this rescission could have been effective under TILA. Accordingly, the Court **GRANTS** SPS' motion to dismiss.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** SPS's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice. Plaintiff is hereby granted **thirty (30)** days in which to file an amended complaint. Failure to file an amended complaint curing the defect identified herein may result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |