UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Ruiz (By Telephone) | Hassan Elrakabawy |

**Proceedings:**   DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 26, filed January 29, 2016)

## I.   INTRODUCTION

On July 15, 2015, plaintiff Aviv Harel filed the instant action in Los Angeles County Superior Court against defendants Bank of America, N.A. ("Bank of America"), Select Portfolio Servicing, Inc. ("SPS"), and Does 1 through 20 (collectively, "defendants"). Dkt. 1. On August 21, 2015, defendant SPS removed the action to this Court.[1] Id. On August 28, 2015, SPS filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. Thereafter, on November 12, 2015, the Court granted SPS's motion without prejudice. Dkt. 20. On December 11, 2015, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 21. The FAC asserts claims against defendants for: (1) quiet title; (2) wrongful foreclosure; and (3) declaratory relief. Id. In brief, plaintiff alleges that defendants wrongfully initiated foreclosure proceedings upon plaintiff's property after he purportedly rescinded his mortgage.

On January 29, 2016, SPS filed the instant motion for judgment on the pleadings. Dkt. 26. On February 8, 2016, plaintiff filed an opposition to defendant's motion, Dkt. 28, and on February 12, 2016, SPS filed a reply, Dkt. 29. SPS's motion is presently before the Court.

---

[1] On October 14, 2015, the parties filed a stipulation dismissing plaintiff's claims against defendant Bank of America without prejudice. Dkt. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

## II.   BACKGROUND[2]

The FAC alleges the following facts:  On or about September 22, 2005, plaintiff obtained a loan in the amount of $1,040,000.00 (the "Loan") secured by a deed of trust encumbering a property located at 1853 South Beverly Glen Boulevard, Los Angeles, California 90025 (the "Subject Property").  See RJN, Ex. 1.  The deed of trust named Countrywide Home Loans, Inc. ("Countrywide") as the lender.  Id.  The Loan originated with Bank of America and was serviced by SPS.  FAC ¶ 7.

On February 14, 2012, plaintiff initiated bankruptcy proceedings under chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq.  RJN Ex. 2.  Plaintiff identified the Subject Property as an asset of his bankruptcy estate, but did not disclose any legal claims against SPS in his bankruptcy schedules.  See RJN Ex. 3.  On October 31, 2012, plaintiff's existing debts were discharged by the bankruptcy court.  RJN Ex. 2 at 9.  Defendant SPS subsequently recorded a Notice of Default and Election to Sell Under Deed of Trust against the Subject Property on or about July 14, 2014.  See RJN Ex. 4.

---

[2] SPS requests that the Court take judicial notice of various publicly available documents and records.  Dkt. 27, Request for Judicial Notice ("RJN").  Specifically, SPS requests that the court take judicial notice of: (1) a Deed of Trust for the Subject Property, recorded in the Official Records of Los Angeles County, California, RJN Ex. 1; (2) bankruptcy court documents from plaintiff's previous bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California, Case No. 2:12-bk-15172-PC, RJN Exs. 2-4; (3) a Notice of Default and Election to Sell Under Deed of Trust regarding the Subject Property recorded in the Official Records of the Los Angeles County Superior Court, RJN Ex. 4; and (4) a Quitclaim Deed regarding the Subject Property recorded in the Official Records of the Los Angeles County Superior Court, RJN Ex. 5.  Id.  "[U]nder Federal Rule of Evidence 201, a court may take judicial notice of matters of public record."  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Accordingly, the Court takes judicial notice of the documents in defendant SPS's request for judicial notice because they are matters of public record, but does not accept them for the truth of the matters asserted therein.  See also Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30, 2015) (taking judicial notice of similar documents)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

      On March 13, 2015, plaintiff sent SPS a letter of rescission purporting to rescind the Loan pursuant to the provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635.  FAC ¶ 11; Id. Ex. B.  Plaintiff contends that he received a letter from SPS dated April 10, 2015, although he provides no details regarding the contents of this letter in his complaint.  Id. ¶ 13.  Furthermore, plaintiff alleges that SPS failed to respond to his letter of rescission by failing to file, within 20 days of receipt of his letter, a complaint for declaratory relief contesting his right to rescind the loan.  Id.  Thus, according to plaintiff, his loan was effectively rescinded as of March 13, 2015.  Id. ¶ 19-20.  Plaintiff claims that if "[SPS] disputed the rescission, [SPS] could have filed a lawsuit along the lines of Quiet Title or Declaratory Relief in order to challenge plaintiff's rescission."  Opp'n., at 2.  However, because SPS failed to "comply with []TILA § 1635(b) or file a lawsuit to determine the parties respective rights and interests within twenty days," plaintiff argues that the rescission became effective as of the date plaintiff sent SPS his letter of rescission.  Id.

      Accordingly, plaintiff contends that defendants "engaged in the process of wrongful foreclosure by scheduling a trustee's sale attempting to foreclose on a void deed of trust."  Compl. ¶ 28.

## III.  LEGAL STANDARD

      A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain.  See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).  Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).  Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

  In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

  Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. ANALYSIS

  In this action, plaintiff has brought claims for quiet title, wrongful foreclosure, and declaratory relief. Each of plaintiff's claims is predicated on his purported rescission of the Loan pursuant to TILA section 1635. In its order on defendants' prior motion to

Case 2:15-cv-06390-CAS-SS   Document 37   Filed 02/29/16   Page 5 of 8   Page ID #:423

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

dismiss, the Court determined that plaintiff's attempted rescission was not effective under TILA. In the FAC, plaintiff has failed to add any additional allegations responding to the Court's order; rather, the FAC appears nearly identical to plaintiff's original complaint. Accordingly, for the following reasons, the Court again grants defendants' motion to dismiss, this time with prejudice.

Under section 1635, a borrower has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., — U.S. —, 135 S.Ct. 790, 792 (2015). In the Court's order on defendants' prior motion to dismiss, it noted that "nowhere in the complaint does plaintiff identify how any of the defendants failed to comply with TILA's disclosure requirements." Dkt. 20, at 6. Rather, the Court found that plaintiff's claims rested entirely on "conclusory statements" that were "unsupported by factual allegations." Id. In the FAC, plaintiff still fails to identify any violation of TILA's disclosure requirements, and instead relies on the same conclusory statements the Court has already determined are insufficient. See, e.g., FAC ¶ 10 ("Plaintiff alleges that Defendant Bank of America's [c]onduct amounted to material violations of the Truth in Lending Act—TILA § 1635."). Once again, the Court finds that plaintiff's conclusory allegations are insufficient to state a claim for relief. See Twombly, 550 U.S. at 555 ("While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."); Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Furthermore, even assuming that defendants did commit a violation of TILA's disclosure requirements, as the Court explained in its prior order, plaintiff's attempt at rescission was not timely. Pursuant to TILA, a borrower has an unconditional right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). After this three-day period, a borrower then has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski, 135 S.Ct. At 792. The conditional right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f). A borrower's right to rescind is "completely extinguishe[d]" at the end of the three-year period. Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f)'s

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O' JS-6

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

plain language evidences an unconditional congressional intent to limit the right of rescission to three years.").

In order for plaintiff to have effectively rescinded the Loan, he was required to invoke the conditional right to rescind within the statutory three-year period. Here, plaintiff entered into the Loan on or around September 22, 2005. RJN, Ex. 1. Accordingly, it follows that, to the extent plaintiff had a valid grounds for rescinding the loan, he was required to exercise that right by September 22, 2008. However, plaintiff did not send SPS his letter of rescission until March 13, 2015 — almost 7 years after the expiration of the statutory three-year period. Accordingly, plaintiff could not validly have rescinded his loan in 2015.

Plaintiff argues that the Loan was not "consummated" within the meaning of TILA on September 22, 2005 and therefore his rescission of the loan was timely. However, the Court has already rejected this argument in ruling on defendant's prior motion to dismiss. "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." Monaco v. Bear Stearns Residential Mortgage Corp., 554 F. Supp. 2d 1034, 1039 (C.D. Cal 2008) (citing 12 C.F.R. § 226.2(a)(13)). Here, plaintiff became "contractually obligated on a credit transaction" when he entered into the Loan on or around September 22, 2005. See RJN Ex. 1; see also Larson v. California Federal Bank, 1996 WL 47091, *1-3 (9th Cir. 1996) (Holding that "the loan agreement between [plaintiffs] and [defendant-Bank] was consummated October 26, 1990," the date plaintiffs signed loan documents including a loan commitment letter, promissory note, and a deed of trust.). Accordingly, as of that date the Loan was "consummated" within the meaning of TILA. This consummation of the Loan is evidenced by plaintiff's deed of trust, which contains his signature and is dated September 22, 2005. See Id.

Plaintiff argues, as he argued previously, that there remains a factual dispute regarding whether the Loan was actually consummated as of September 22, 2005. Opp'n., at 6-7. First, plaintiff argues that "there is nothing in the four corners of the complaint or judicially noticed materials that demonstrate[s] that the loan was ever consummated." Id. at 6. However, contrary to plaintiff's assertion, his deed of trust *is* judicially noticeable as a publicly recorded document. And, as just explained, this document is evidence that the Loan was, in fact, consummated. Plaintiff also contends, in his opposition, that the Loan may have been "table funded" which, according to plaintiff, may have prevented the Loan from being consummated. Id. at 7. And plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

states that "it is also possible" that the Deed of Trust "could be a falsified document" or "was not properly executed prior to being recorded." Id. However, these allegations are based on nothing more than plaintiff's speculation and, in any event, were not raised in the FAC. See also In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537 ("In general, material outside the pleadings cannot be considered in ruling on a motion to dismiss").

      Finally, plaintiff argues that the deed of trust does not constitute sufficient evidence that the Loan was in fact consummated on September 22, 2005. In support of this position plaintiff relies on Jackson v. Grant, 890 F.2d 118 (9th Cir. 1989). However, the Court, in its prior order, explained that Jackson is distinguishable from the present action. In Jackson, the Ninth Circuit found that a loan executed by the plaintiff was not consummated at the time plaintiff signed the deed of trust because the name of the lender was left blank on the deed of trust and the promissory note. Id. at 121. Because the lender was unidentifiable, the court held that a valid loan contract did not exist, and "[plaintiff] was not 'contractually obligated' within the meaning of 12 C.F.R. § 226.2(a)(13)." Id. ("The identity of the lender remained unresolved, and any loan contract therefore unconsummated."). In contrast, here, the deed of trust clearly states that the "Lender" is "Countrywide Home Loans, Inc." RJN, Ex. 1, pg. 2. Because, the lender is readily identifiable from plaintiff's deed of trust, Jackson is inapplicable to this case.

      In sum, virtually all of the issues raised by defendant's motion were addressed by the Court's prior order. However, in the FAC, plaintiff has failed to add *any* allegations responding to the deficiencies noted in the Court's prior order. Accordingly, all of the reasons for which the Court dismissed plaintiff's original complaint apply with equal force to the FAC. The Court, therefore, GRANTS defendants' motion for judgment on the pleadings. Moreover, the Court dismisses the FAC with prejudice. The Court has already granted plaintiff the opportunity to amend his complaint and plaintiff has failed to add any additional allegations. See also Guidiville Rancheria of California v. United States, 2014 WL 3749227, at *3 (N.D. Cal. Jul. 24, 2014) ("[L]eave to amend is not automatic upon granting a motion for judgment on the pleadings under Rule 12(c), but is within the Court's discretion. Where amendment would be futile, the court should not grant leave to amend."); Cf. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 739 (9th Cir. 2013) (leave to amend under FRCP 15(a) granted liberally, but not automatically).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-06390-CAS(SSx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | AVIV HAREL v. SELECT PORTFOLIO SERVICES, INC., ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** SPS's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |